(Pleito No. 103.—Fallado el 3 de Diciembre de 1900.)

## Gutiérrez contra García.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Fallos. Un Tribunal de 1ª Instancia no está obligado á mencionar en sus fallos emitidos todos aquellos puntos sobre los cuales descansaba la prueba presentada el día que se celebró el juicio.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á tres de Diciembre de mil novecientos, en el recurso de casación por infracción de ley que ante este Tribunal Supremo pende, interpuesto por el Letrado Don Elpidio de los Santos Laguardia en representación de Don José Gutiérrez Román, casado, agricultor y vecino de Arecibo, en juicio de menor cuantía seguido por el mismo contra los Sres. García Hermanos, del comercio y vecinos de Arecibo.—Resultando : Que en tres de Enero del año próximo pasado de mil ochocientos noventa y nueve presentó Don José Gutiérrez Román su demanda solicitando, después de exponer varios fundamentos de hecho y de derecho, que en definitiva se declarase que la sociedad mercantil García Hermanos había infringido un contrato de arrendamiento que con el demandante tenía celebrado ; que son responsables de los daños y perjuicios causados por el incumplimiento los expresados García Hermanos desde el dos de Septiembre anterior, en que habían intervenido directamente en la finca arrendada, hasta el catorce de Octubre siguiente, con infracción de todas las cláusulas del contrato de arrendamiento ; que son deudores los citados García Hermanos al demandante Gutiérrez de la

suma de un mil setenta y dos pesos: doscientos cincuenta que representan el valor de lo ocasionado por la infracción de la cláusula cuarta del contrato de arrendamiento, y los ochocientos veinte y dos á que ascienden los ocasionados por la infracción total del citado contrato de arrendamiento; y que, en consecuencia, se condenara á la sociedad mercantil García Hermanos á que dé y pague á Don José Gutiérrez Román, dentro de tercero día la suma de un mil setenta y dos pesos en concepto de daños y perjuicios sufridos por Gutiérrez, y á que pague la referida sociedad los intereses de demora á razón del seis por ciento anual y las costas.— Resultando: Que sustanciado el juicio por todos sus trámites, el Juez de 1ª Instancia dictó sentencia en veinte y nueve de Marzo de mil ochocientos noventa y nueve, la que en su parte dispositiva dice: "Fallo: Que declarando sin lugar la demanda establecida por Don José Gutiérrez contra la sociedad García Hermanos, sobre indemnización de daños y perjuicios, debo absolver y absuelvo de ella á la referida sociedad demandada, con imposición de las costas al demandante."— Resultando: Que establecida apelación de la anterior sentencia con arreglo al procedimiento vigente antes de la publicación de la Orden General número 118 de mil ochocientos noventa y nueve, correspondió su sustanciación, según ella, al Tribunal de Distrito de San Juan, el que en ocho de Junio último dictó la sentencia cuya parte dispositiva dice: "Fallamos: Que debemos confirmar y confirmamos en todas sus partes la sentencia apelada de veinte y nueve de Marzo de mil ochocientos noventa y nueve, y en su consecuencia declaramos sin lugar la demanda sobre indemnización de daños y perjuicios interpuesta contra García Hermanos, de Arecibo, por Don José Gutiérrez Román, de la propia vecindad, condenando á este último en las costas de ambas instancias."—Resultando: Que contra la sentencia del Tribunal de Distrito de San Juan que queda relacionada, anunció y le fué admitido, el Letrado Don Elpidio de los Santos recurso de casación por infracción de ley, autorizado

por los números 1º, 2º y 3º, en relación con el 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y al formalizar el recurso ante este Tribunal Supremo lo fundó en los motivos siguientes:—1º Infracción del artículo 358 de la Ley de Enjuiciamiento Civil, por cuanto, establecida la demanda por infracción del contrato de arrendamiento y reclamación de daños y perjuicios ocasionados por ese concepto, sólo falló el Juez sobre la reclamación de daños y perjuicios, y lo confirmó la Corte de San Juan, sin hacer ninguno de los dos Tribunales declaración alguna sobre la infracción del contrato de arrendamiento de finca rústica, pretensión que fué deducida oportunamente en el pleito y objeto de la prueba; existe, pues la infracción del citado artículo 358, porque ambas sentencias no son claras ni menos congruentes con la demanda y con las demás pretensiones deducidas oportunamente en el pleito, en el cual quedó probado por confesión de la mercantil demandada, por documentos y testigos, que la infracción del contrato de arrendamiento dicho existió, primero en su cláusula 4ª y después en su totalidad, y no constando en ninguna de las dos sentencias declaración alguna favorable ó adversa, sobre esta pretensión oportunamente deducida en el pleito es evidente que tanto la inferior como la confirmatoria dictada por la Corte de San Juan han infringido el expresado artículo 358 de la Ley de Enjuiciamiento Civil. —2º Ha sido infringido el artículo 1,556 del Código Civil, por cuanto la falta de cumplimiento de la mercantil García Hermanos á la cláusula 4ª del contrato de arrendamiento y en la totalidad de dicho contrato, ejerciendo actos de gobierno y administración por más de un mes en contra de la voluntad del arrendatario, de los empleados y familiares del mismo, vigente el contrato de arrendamiento dicho, determina en el arrendatario el derecho á pedir la indemnización de daños y perjuicios de manera que, probada la infracción del contrato de arrendamiento, es evidente el derecho á cobrar los daños y perjuicios que se reclaman.—Visto: Siendo Ponente el Juez Asociado Don Rafael Nieto Abeillé.

—Considerando: Que la sentencia que relacionando todos los puntos de la demanda y contestación, absuelve de aquélla al demandado de un modo absoluto y sin reservas de ninguna especie, como la que ha sido recurrida, es congruente con la demanda, como reiteradamente lo ha declarado el Tribunal Supremo de España, y por tanto el Tribunal sentenciador no ha infringido el precepto legal que se señala en el primer motivo del recurso. — Considerando: Que tampoco resulta infringido el precepto legal consignado en el segundo motivo del recurso, por cuanto el Tribunal sentenciador no ha cometido error al apreciar la prueba, pues el recurrente parte del supuesto, de hecho no aceptado en la sentencia, de que los arrendadores no cumplieron el contrato de arrendamiento, y la sentencia de primera instancia, aceptada por la de segunda recurrida, al calificar la prueba lo ha hecho sujetándose á los preceptos legales, no dando valor al dicho de testigos que no explicaron la razón de sus manifestaciones. — Considerando: Por lo expuesto que es procedente declarar sin lugar el recurso, con las costas al recurrente.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación establecido contra la sentencia del Tribunal de Distrito de San Juan de ocho de Junio último, por Don José Gutiérrez Román, al que condenamos en las costas. Publíquese esta sentencia en la *Gaceta* de la Isla, y con certificación de ella, devuélvanse los autos al Tribunal sentenciador.—Así por esta nuestra sentencia irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.

Publicación. Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á tres de Diciembre de mil novecientos.—E. de J. López Gaztambide, *Secretario*.